Haider Ghulam HAIDERY, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–71912.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2007.

Filed Dec. 21, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Vicky Dobrin, Esq., Dobrin & Han, PC, Seattle, WA, for Petitioner.

* This disposition is not appropriate for publication and is not precedent except as provided

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, James E. Grimes, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Haider Ghulam Haidery is a native of Afghanistan. Haidery appeals to this court, for the second time, the Board of Immigration Appeals' ("BIA") denial of his petition for statutory withholding of removal and relief under the Convention Against Torture ("CAT").

Whether we review the decision of the BIA or the Immigration Judge ("IJ"), substantial evidence supports the finding that Haidery was not credible. *Morales v. Gonzales,* 478 F.3d 972, 977 (9th Cir.2007) (findings of fact are supported by substantial evidence unless "any reasonable adjudicator would be compelled to conclude to the contrary") (citing 8 U.S.C. § 1252(b)(4)(B)). Both decisions pointed to significant and relevant discrepancies between the testimonies of Haidery and his ex-wife. The BIA's prior holding does not preclude this conclusion, because the BIA rejected only the IJ's prior reasoning. The BIA did not find Haidery credible.

by 9th Cir. R. 36–3.

Even assuming, without deciding, that the Department of Homeland Security violated its confidentiality regulations by disclosing information to Haidery's ex-wife, no prejudice resulted from this disclosure. As such, we decline to reach whether the exclusionary rule applies under these circumstances.

■ Finally, substantial evidence supports the denial of Haidery's CAT claim. Between the adverse credibility finding and the evidence of country conditions, we cannot say that any reasonable factfinder would have been compelled to find Haidery would more likely than not be tortured if returned to Afghanistan. *See* 8 U.S.C. § 1252(b)(4)(B); *Morales,* 478 F.3d at 977.

DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.